of the Civil Practice Act, it would have so stated, as it did in providing for stays granted by virtue of section 1436-a of the Civil Practice Act.

Common experience has demonstrated that a resentful tenant, unsuccessful in defending a possessory proceeding, will sometimes compel a landlord to resort to the services of a city marshal and his assistants to physically remove the tenant's personal property from the premises in executing a dispossess warrant. We know too, that such a tenant occasionally commits acts of destruction in the premises or upon its appurtenances. It is to protect a landlord against that sort of misconduct and the added expense it entails that an undertaking or a deposit in court is required by a stay order providing for " costs and damages ".

To assume that an order staying the issuance or execution of a warrant is beneficial only to a tenant is incorrect. The landlord, too, is protected thereby. Should a reversal of a final order granted to a landlord occur upon appeal, the appellate court may direct that the tenant be restored to possession of the premises from which he was evicted (Civ. Prac. Act, § 1444). That is what the Court of Appeals directed in *Golde Clothes Shop* v. *Loew's Buffalo Theatres* (236 N. Y. 465) even though the landlord had demolished part of the premises after the tenant was dispossessed.

In the case of *Colonna & Co.* v. *Anthony M. Meyerstein, Inc.* (198 Misc. 556, 563, *supra*), recovery was sought by the plaintiff after it dispossessed the defendant, as here, upon two causes of action predicated upon an alleged wrongful withholding of possession and upon an undertaking to pay " any costs and damages and any damages or loss " because the plaintiff was kept out of possession. The trial court directed judgment dismissing the complaint on the merits, which was affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied. The theory upon which that case was tried is quite similar to the case at bar. The determination was eminently sound and should be followed here.

There can be no dispute that the stays granted to defendants herein were regular and proper under statutory right. The retention of possession by the defendants was neither unlawful nor wrongful whether as statutory tenants or by virtue of valid orders. Absent a violation of those orders, it should be held that there can be no recovery by the plaintiff upon her complaint and the concessions made at the trial.

The order of the Appellate Term should be reversed and the judgment of the City Court reinstated.

Peck, P. J., Bastow, Rabin and Cox, JJ., concur in decision; Frank, J., dissents and votes to reverse in opinion.

Determination affirmed, with costs and disbursements to the respondent. Settle order on notice. [See *post*, p. 950.]

■ ELIAS SAYOUR CO., INC., Appellant, v. J. P. STEVENS & CO., INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Bastow, Rabin and Cox, JJ.

■ RAVEL PERFUME CORPORATION, Appellant, v. PARFUMERIE LIDO, INC., et al., Respondents, et al., Defendant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ RAVEL PERFUME CORPORATION, Appellant, v. PARFUMERIE LIDO, INC., et al., Defendants, and BERTHOLD DILLOFF, Doing Business as LIDO PRODUCTS Co., Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ MAX EISENBERG, on Behalf of Himself and All Other Stockholders of CENTRAL ZONE PROPERTY CORPORATION, Similarly Situated, Appellant, v. A. M.

CORPORATION et al., Respondents.— Judgment and orders unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ MAX EISENBERG, Individually and on Behalf of Himself and All Other Stockholders of CENTRAL ZONE PROPERTY CORPORATION, Similarly Situated, Appellants, v. CENTRAL ZONE PROPERTY CORPORATION, Respondent, et al., Defendants.— Judgment and resettled order unanimously affirmed, with costs. The complaint does not state facts sufficient to constitute a cause of action. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ HERTA DI VEROLI, Respondent, v. WILLIAM F. CHATLOS et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ In the Matter of the Accounting of LEON PESKIN, as Executor of JACOB PESKIN, Deceased. JULIUS PESKIN et al., Appellants; LEON PESKIN, Respondent.— Decree unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ In the Matter of SEYMOUR GRATZ, Appellant, against STEPHEN P. KENNEDY, as Police Commissioner of the City of New York, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ ONE TELEVISION, INC., Appellant, v. ONE FIFTH AVENUE OPERATING CORP., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ. [206 Misc. 1090.]

■ In the Matter of 749 BROADWAY REALTY CORP., Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants.— It is clear that under the City Home Rule Law the municipality has the authority to enact laws relating to the correction and review of local assessments. Subdivision 1 of section 11 provides for, "the review of such local assessments subject to further review by the courts". It is to be noted that two separate reviews are mentioned. Obviously the first refers to a review by the tax officers. The second specifically provides for a review by the courts. We reach the conclusion, that while the city may, as a prerequisite to review by its own tax officers, require a statement of income and expenses in the application, it has no authority to bar a further review by the courts. Accordingly, we think it was proper for Special Term to deny the city's application to dismiss the petition. Order unanimously affirmed, with $20 costs and disbursements to the respondent. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ. [1 Misc 2d 575.]

■ In the Matter of SAMUEL G. GILBURT et al., Respondents, against ABRAHAM KROLL et al., Constituting the Board of Examiners of the Board of Education of the City of New York, Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. (See *Matter of Dowling* v. *Brennan*, 284 App. Div. 563.) Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ. [See *post*, p. 950.]

■ In the Matter of the Accounting of H. HAROLD GUMM, as Executor and Trustee under the Will of HARRY VON TILZER, Deceased, Appellant. LEON ENGELSBERG, General Guardian of STANLEY M. VON TILZER and Another, Infants, Respondent.— Order unanimously affirmed, with $20 costs and disbursements, the costs against appellant to be charged against his share of estate. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

■ In the Matter of the Construction of the Will of HARRY VON TILZER, Deceased. H. HAROLD GUMM, as Executor and Trustee under the Will of HARRY VON TILZER, Deceased, Appellant; LEON ENGELSBERG, General Guardian of